**Lewis Roca Rothgerber Christie LLP**
201 East Washington Street, Suite 1200
Phoenix, AZ 85004-2595

**Kristina N. Holmstrom** (State Bar No. 023384)
Direct Dial: 602.262.5762
Direct Fax: 602.734.3875
Email:  kholmstrom@lrrc.com
**Jennifer Lee-Cota** (State Bar No. 033190)
Direct Dial: 602.262.5368
Direct Fax: 602.262.5747
Email:  jleecota@lrrc.com

*Attorneys for Property & Casualty Insurance Company of Hartford, Hartford Insurance Company of the Midwest, and Trumbull Insurance Company*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Property & Casualty Insurance Company of Hartford, a foreign corporation, Hartford Insurance Company of the Midwest, a foreign corporation, and Trumbull Insurance Company, a foreign corporation,<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>John Pike and Barbara Pike, husband and wife,<br><br>　　　　　　　　　　Defendants. | No.  3:16-cv-08226-DJH<br><br>**JOINT CASE MANAGEMENT REPORT** |

Pursuant to the Court's March 8, 2017 Order (Doc. 18) the parties submit this Joint case Management Report for the forthcoming Case Management Conference on May 1, 2017 at 4:15 pm:

**1.　　Parties.**

Plaintiffs:  Property & Casualty Insurance Company of Hartford; Hartford Insurance Company of the Midwest, and Trumbull Insurance Company (collectively, "Hartford").  Property and Casualty Insurance Company of Hartford is a corporation organized under the laws of the State of Indiana, with its principal place of business in Indianapolis, Indiana.  Hartford Insurance Company of the Midwest is a corporation organized under the laws of the State of Indiana, with its principal place of business in

101014266_2

Indianapolis, Indiana.  Trumbull Insurance Company is a corporation organized under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

<u>Defendants</u>:  John Pike and Barbara Pike, husband and wife

**2.     Nature Of The Case.**

This is an action for  declaratory relief.  John and Barbara Pike are the named insureds on several homeowners insurance policies and an auto policy issued by Hartford.

Barbara Pike is the maternal grandmother of Jane Doe.  John Pike is Mrs. Pike's spouse.  Jane Doe alleges that Mrs. Pike would come to the home where Doe lived to take care of Doe while Doe's mother was at work.  It is alleged that Mr. Pike would accompany Mrs. Pike on these visits.  Doe alleges that between 2007 to 2010, Mr. Pike sexually molested Doe while Doe was under Mrs. Pike's care and supervision.

In 2015, Jane Doe, by and through her mother, filed a civil action in the United States District Court for the district of Massachusetts, Civil Action No. 15-40057-TSH, against Mr. Pike to recover damages from the alleged sexual abuse.  Mr. Pike neither provided notice to Hartford of the civil action, nor did he ask Hartford to defend him or provide insurance coverage in connection with the case.  In December 2015, the court entered default judgment against Mr. Pike in the amount of $5 million.  Jane Doe subsequently threatened a lawsuit against Mrs. Pike, which written demand she tendered to Hartford.  In March 2017, after Hartford filed this lawsuit, Jane Doe filed a civil action against Mrs. Pike in the United States District Court for the district of Massachusetts, Civil Action No. 17-40021-TSH.

Hartford insures John and Barbara Pike through multiple homeowners insurance policies including: (1) policy no. 55RBC573641 (effective for successive policy periods spanning 08/01/2007 through 08/01/2010) and (2) policy no. 55RBC812999 (effective for successive policy periods spanning 09/15/2008 through 09/15/2010) (the "Homeowners Policies").  The Pikes also maintained a personal auto policy written by

1 Trumbull Insurance Company bearing policy no. 55PAK223159 (effective for
2 successive policy periods spanning 12/09/2007 through 12/09/2010) (the "Auto
3 Policy").  The Auto Policy contains an umbrella endorsement issued to the Pikes (the
4 "Umbrella Endorsement").

5       The parties dispute whether coverage exists under the Homeowners Policies and
6 the Auto Policy (collectively the "Policies").  The parties also dispute whether Hartford
7 has a duty to defend the lawsuit against Mrs. Pike.  Thus, Hartford filed a Complaint
8 for Declaratory Relief seeking judicial determination of the rights and obligations of
9 each of the parties with respect to the Policies.  Hartford requests a judicial declaration
10 that Hartford has no continuing duty to defend Mrs. Pike, and that it has no obligation
11 to pay any damages resulting from the conduct alleged in the underlying litigation.  In
12 the interim, Hartford is defending Mrs. Pike under a reservation of rights.

**3.  Jurisdictional Basis.**

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**4.  Unserved Parties.**

All named parties have been served.

**5.  Anticipated Additional Parties Or Amendments.**

None.

**6.  Contemplated Motions And Issues To Be Decided By Motions.**

Hartford will file a Motion for Entry of Default Judgment Against John Pike. The Clerk has already entered default against John Pike.  (Doc. 17).

Hartford will file a dispositive motion seeking summary judgment on liability.

**7.  Reference To Magistrate Judge.**

The parties do not consent to the assignment of the action to a Magistrate Judge.

**8.  Related Cases.**

On March 7, 2017, Jane doe, by and through her Next Friend, Kim Pike, filed a civil against Barbara Pike in the United States District Court for the district of Massachusetts, Civil Action No. 17-40021-TSH, alleging claims of negligent

101014266_2

3

supervision and negligent infliction of emotional distress.

**9.     Initial Disclosures.**

The parties stipulate that because coverage will be determined through briefing, full initial disclosures are not necessary, but disclosures in the related case are likely to be relevant, including as it relates to the nature of the allegations and dates of supposed events.  Hartford agrees to disclose to the relevant policies at issue in this action. Hartford will also disclose the complaint filed in Civil Action No. 17-40021-TSH.

**10.    Issues Related To Electronically Stored Information.**

The parties are not aware of any issues related to disclosure or discovery of electronically stored information at this time.

**11.    Issues Relating To Claims Of Privilege Or Work Product.**

The parties are not aware of any issues related to claims of privilege or work product at this time.

**12.    Discovery.**

Due to the narrow scope of the issues in front of the court, Hartford and Mrs. Pike stipulate that only limited discovery is likely to be necessary in this case.

**13.    Proposed Deadlines.**

Hartford will disclose relevant policies by **April 24, 2017**.

The parties agree to file dispositive motions by  **October 16, 2017**.

**14.    Jury Trial Request.**

No jury trial is permitted or requested.

**15.    Estimated Length Of Trial.**

Because the Court will decide the facts as well as the law, the parties anticipate submitting the case to the Court on a stipulated record and briefing.

**16.    Prospects For Settlement.**

The parties do not anticipate a settlement being feasible at this time; however, they have agreed to an abbreviated case schedule to minimize the burden on the parties and the Court.

101014266_2

**17.     Other Matters.**

None.

DATED this 24th day of April, 2017.

| LAW OFFICES WATERFALL, ECONOMIDIS, CALDWELL HANSHAW & VILLAMANA, PC | LEWIS ROCA ROTHGERBER CHRISTIE LLP |
|---|---|
| By:*/s/ Corey B. Larson (w/permission)*<br>    Corey B. Larson<br>*Attorneys for Defendant Barbara Pike* | By:*/s/ Kristina N. Holmstrom*<br>    Kristina N. Holmstrom<br>*Attorneys for Plaintiffs Property & Casualty Insurance Company of Hartford, Hartford Insurance Company of the Midwest, and Trumbull Insurance Company* |

101014266_2