# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Property & Casualty Insurance Company of Hartford, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>John Pike, et al.,<br><br>    Defendants. | No. CV-16-08226-PCT-DJH<br><br>**RULE 16 SCHEDULING ORDER** |

On April 24, 2017 the parties filed with the Court their Joint Case Management Report (Doc. 20), wherein the parties propose an abbreviated case schedule to minimize the burden on the parties and the Court. On the basis of that joint report, and in accordance with Rule 16(b)(1) of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED** that:

1. <u>Initial Disclosures</u>. Initial disclosures shall be executed pursuant to the stipulation of the parties. (Doc. 20 at 4:2-7). Plaintiffs shall disclose relevant policies no later than <u>May 5, 2017</u>. A Notice of Initial Disclosure shall be filed with the Clerk of Court rather than copies of any actual disclosures.

2. <u>Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental Pleadings</u>. The deadline for joining parties, amending pleadings, and filing supplemental pleadings is **60 days** from the date of this Order.

3. <u>Discovery Limitations</u>. Depositions shall be limited to seven hours each as Rule 30(d) of the Federal Rules of Civil Procedure provides. The number of depositions

and interrogatories are governed by the limits in Rules 30, 31, and 33 of the Federal Rules of Civil Procedure. Therefore, each party is limited to 10 depositions and 25 interrogatories, including all discrete subparts. The procedures for requests for admissions and requests for production in Federal Rules of Civil Procedure 34 and 36 are modified to limit each party to 25 requests for production of documents, including subparts, and 25 requests for admissions, including subparts.

4. <u>Deadline for Completion of Fact Discovery</u>. The deadline for completing fact discovery, including discovery by subpoena, shall be <u>September 18, 2017</u>. To ensure compliance with this deadline, the following rules shall apply:

a. Depositions: All depositions shall be scheduled to commence at least **five working days** prior to the discovery deadline. A deposition commenced five days prior to the deadline may continue up until the deadline, as necessary.

b. Written Discovery: All interrogatories, requests for production of documents, and requests for admissions shall be served at least **45 days** before the discovery deadline.

c. The parties may mutually agree in writing, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon extensions, however, will not alter or extend the discovery deadlines set forth in this Order.

d. Special Provisions Regarding Rule 34 Responses. Objections to Rule 34 document production requests shall be stated with specificity; general or boilerplate objections are not permitted. Document production in response to a Rule 34 request must be completed no later than the time specified in the request or another reasonable time specified in the response. An objection to a Rule 34 request must state whether any responsive materials have been withheld on the basis of that objection.

5. <u>Deadline for Expert Discovery</u>.

Any expert depositions shall be completed no later than <u>September 18, 2017</u>. As with fact witness depositions, expert depositions shall be scheduled to

commence at least **five working days** before the deadline.

Disclosures under Rule 26(a)(2)(A) must include the identities of treating physicians and other witnesses who have not been specially employed to provide expert testimony in this case, but who will provide testimony under Federal Rules of Evidence 702, 703, or 705. A Rule 26(a)(2)(B) report is required for any opinion of such witnesses that was not developed in the course of their treatment or other factual involvement in this case.

As the Advisory Committee Notes to Rule 26 (1993 Amendments) state, expert reports disclosed under Rule 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefor." Full and complete disclosures of such testimony are required on the dates set forth above; absent truly extraordinary circumstances, parties will not be permitted to supplement their expert reports after these dates.

Each side is limited to one retained or specially employed expert witness per issue.

Pursuant to Rule 26(e)(1), any additions or other changes to information previously disclosed must be made prior to the time that Rule 26(a)(3) Pretrial Disclosures are due. Since this Court effectively requires all Rule 26(a)(3) Pretrial Disclosures to be contained in the joint Proposed Final Pretrial Order, this Order contemplates that all exhibits and witnesses that may be offered at trial will have been disclosed before the close of discovery as established by this Order. This Order therefore supersedes the "thirty-day before trial" disclosure deadline contained in that Rule. Therefore (1) failure to have timely supplemented a Rule 26(a) disclosure, (2) failure to have timely supplemented responses to discovery requests, or (3) attempting to include any witnesses or exhibits in the joint Proposed Final Pretrial Order that were not previously disclosed prior to the discovery deadline set forth in this Order, may result in the exclusion of such evidence at trial or the imposition of other sanctions.

6. <u>Discovery Disputes</u>. The parties shall not file written discovery motions

without leave of Court. If a discovery dispute arises and cannot be resolved despite sincere efforts to resolve the matter through personal consultation (in person or by telephone), the parties shall jointly file (1) a brief written summary of the dispute, not to exceed two pages, with explanation of the position taken by each party and (2) a joint written certification that the counsel or the parties have attempted to resolve the matter through personal consultation and sincere effort as required by LRCiv 7.2(j) and have reached an impasse. If the opposing party has refused to personally consult, the party seeking relief shall describe the efforts made to obtain personal consultation. Upon review of the filed written summary of the dispute, the Court may set an in-court hearing or telephonic conference, order written briefing, or decide the dispute without conference or briefing. If the Court desires supplemental briefing prior to a hearing, counsel will be notified by order of the Court. Any briefing ordered by the Court shall comply with LRCiv 7.2(j).

Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery and will not entertain expert discovery disputes after the deadline for completion of expert discovery.

7. <u>Deadline for Filing Dispositive Motions</u>.

a. Dispositive motions shall be filed no later than <u>October 16, 2017</u>. Such motions must comply in all respects with the Federal Rules of Civil Procedure and the Local Rules.

b. No party shall file more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure unless permission is first obtained from the Court.

c. Failure to respond to a motion within the time periods provided in Local Rule of Civil Procedure 7.2 may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily pursuant to Local Rule of Civil Procedure 7.2(i).

d. A party desiring oral argument shall place the words "Oral

Argument Requested" immediately below the title of the motion pursuant to Local Rule of Civil Procedure 7.2(f). The Court may issue an order scheduling oral argument as it deems appropriate.

      e.    The parties are directed to the Electronic Case Filing Administrative Policies and Procedures Manual for the District of Arizona with respect to providing paper courtesy copies of certain filings to Chambers.

      f.    Statements of fact required by Local Rule of Civil Procedure 56.1 shall not exceed ten (10) pages in length, exclusive of exhibits.

8.    <u>Deadline for Engaging in Good Faith Settlement Talks</u>. All parties and their counsel shall meet in person and engage in good faith settlement talks no later than <u>September 18, 2017</u>. No later than **five working days** after the deadline set forth in the preceding sentence, the parties shall file with the Court a joint report on settlement talks executed by or on behalf of all counsel.

9.    <u>Settlement Conference Before a Magistrate Judge</u>. The parties shall indicate when assistance from the Court is needed in seeking settlement of the case. Upon a **joint request** by the parties, the Court will refer the matter for a settlement conference before a Magistrate Judge.

10.    <u>Consent to a Magistrate Judge as Presider</u>. The parties shall confer regarding possible consent to exercise of jurisdiction by a United States Magistrate Judge as presider in this action. **If all parties agree** to consent to a United States Magistrate Judge as presider in this action, the parties shall, **within 14 days** of the date of this order, submit to the Clerk of Court in paper form Form AO 85, Notice of Availability of a United States Magistrate Judge to Exercise Jurisdiction. This form is available on the court's website at www.azd.uscourts.gov/forms. This form shall **not** be electronically filed.

11.    <u>Deadline for Notice of Readiness for Pretrial Conference</u>. The Plaintiff(s) shall notify the Court that the parties are ready for scheduling of a Final Pretrial Conference pursuant to Rule 16(d) of the Federal Rules of Civil Procedure. The

- 5 -

Plaintiff(s) shall file and serve this notice within **ten days** after the dispositive motion deadline if no dispositive motions are pending on that date. If dispositive motions are pending, Plaintiff(s) shall file and serve such notice within **ten days** after the resolution of dispositive motions. The Court will then issue an Order Setting Final Pretrial Conference that (a) sets deadlines for briefing motions in limine, (b) includes a form for the completion of the parties' Joint Proposed Final Pretrial Order, and (c) otherwise instructs the parties concerning their duties in preparing for the Final Pretrial Conference. A firm trial date will be set at the Final Pretrial Conference.

12. <u>Sanctions for Failure to Meet Deadlines of This Order or of the Rules</u>.  The parties are warned that failure to meet any of the deadlines in this order or in the Federal Rules of Civil Procedure without substantial justification may result in sanctions.

13. <u>Briefing Requirements</u>.

a. All memoranda filed with the Court shall comply with Local Rule of Civil Procedure 7.1(b) requiring 13 point font in text and footnotes.

b. Citations in support of any assertion in the text shall be included in the text, not in footnotes.

**Dated** this 28th day of April, 2017.

Honorable Diane J. Humetewa
United States District Judge